IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| DESHON DUPREE FORBES, a/k/a PRE; IESHA SHERI WASHINGTON; and DARMAIL LAMONT SIMPKINS | Violations:  21 U.S.C. §§ 846 and 853; 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(d)(1), 982(a)(1), 1956(h), and 2; and 28 U.S.C. § 2461 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From on or before December 2020 to the date of this Indictment, in the Districts of

North Dakota, California, and elsewhere,

DESHON DUPREE FORBES, a/k/a PRE;
IESHA SHERI WASHINGTON; and
DARMAIL LAMONT SIMPKINS

did knowingly and intentionally combine, conspire, confederate, and agree, together and

with others, both known and unknown to the grand jury, to possess with intent to distribute

and distribute a mixture and substance containing a detectable amount of fentanyl,[1] a

Schedule II controlled substance, in violation of Title 21, United States Code, Sections

841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

---

[1] 21 U.S.C. § 841(b)(1)(A)(vi): The chemical structure of fentanyl is N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide.

Drug Quantity Finding

The grand jury specifically finds the amount involved in the conspiracy attributable to each of these defendants as a result of each defendant's own conduct, and the conduct of other conspirators reasonably foreseeable to the defendants, is 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.  It was a part of said conspiracy that the defendants and others did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, within the states of California, North Dakota, and elsewhere;

2.  It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3.  It was further a part of said conspiracy that the defendants would and did use telecommunication facilities, including cellular telephones;

4.  It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5.  It was further a part of said conspiracy that the defendants received and sent money wire transfers that were payments for and proceeds of drug sales;

6.  It was further a part of said conspiracy that one or more co-conspirators sent controlled substances through the mail to other co-conspirators, both known and unknown to the grand jury;

7.  On or about March 21, 2022, DARMAIL LAMONT SIMPKINS mailed approximately 114 grams of a mixture and substance containing a detectible amount of fentanyl, a Schedule II controlled substance, from Bakersfield, California, to co-conspirators in Fargo, North Dakota;

8.  On or about March 25, 2022, DESHON DUPREE FORBES, a/k/a PRE, and IESHA SHERI WASHINGTON attempted to possess with intent to distribute approximately 114 grams of a mixture and substance containing a detectible amount of fentanyl, a Schedule II controlled substance, in Fargo, North Dakota; and

9.  It was further a part of said conspiracy that DESHON DUPREE FORBES, a/k/a PRE, possessed a firearm in furtherance of this conspiracy;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

COUNT TWO

**Possession of a Firearm and Ammunition by a Convicted Felon**

The Grand Jury Further Charges:

On or before March 25, 2022, in the District of North Dakota,

DESHON DUPREE FORBES, a/k/a PRE,

knowing he had been convicted of the following crimes punishable by imprisonment for a

term exceeding one year:

- Attempted First Degree Burglary, Case BF140755A, on or about July 18, 2012, in Kern County, California;

- Receiving Stolen Property, Case BF141628A, on or about July 18, 2012, in Kern County, California; and

- First Degree Burglary, Case BF158478B, on or about June 15, 2015, in Bakersfield, California;

did knowingly possess in and affecting commerce a firearm and ammunition, that is:

- A Glock 19, 9mm handgun, Serial Number BRPA613; and

- 37 rounds of Ruger 9mm ammunition;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT THREE

### Conspiracy to Commit Money Laundering

The Grand Jury Further Charges

From in or about December 2020 and continuing through the date of this Indictment,

in the Districts of North Dakota, California, and elsewhere,

DESHON DUPREE FORBES, a/k/a PRE;
IESHA SHERI WASHINGTON; and
DARMAIL LAMONT SIMPKINS

did knowingly combine, conspire, and agree together and with others, both known and

unknown to the grand jury, to commit offenses against the United States, in violation of

Title 18, United States Code, Section 1956(h), to wit: to knowingly conduct and attempt to

conduct a financial transaction affecting interstate commerce, which involved the proceeds

of a specified unlawful activity, that is, knowingly and intentionally distributing controlled

substances: (1) with intent to promote the carrying on of the specified unlawful activity, and

(2) knowing that the transaction is designed in whole or in part to conceal and disguise the

nature, the location, the source, the ownership, and the control of the proceeds of specified

unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and

1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included,

among others, the following:

During the course of this conspiracy, defendants and co-conspirators, both known

and unknown to the grand jury, utilized money services, such as Cash App and

MoneyGram, to wire and transfer proceeds of and payments for illegal drug sales from

North Dakota and elsewhere to California, with the intent to disguise and conceal the nature,

location, source, ownership, and control of the proceeds of the drug trafficking activity and

to promote and continue the activity;

In violation of Title 18, United States Code, Sections 1956(h) and 2.

FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of DESHON DUPREE FORBES, a/k/a PRE; IESHA SHERI
WASHINGTON; and DARMAIL LAMONT SIMPKINS of any of the offenses alleged in
this Indictment,

DESHON DUPREE FORBES, a/k/a PRE;
IESHA SHERI WASHINGTON; and
DARMAIL LAMONT SIMPKINS

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, or
Title 18, United States Code, Sections 924(d)(1) and 982(a)(1), and Title 28, United States
Code, Section 2461, all right, title, and interest in any of the property constituting or derived
from proceeds obtained directly or indirectly as a result of the violations of Title 21, United
States Code, Sections 841 and/or 846, or Title 18, United States Code, Section 922(g), and
any property used or intended to be used in any manner or part, to commit, or to facilitate
the commission of the said violation(s), and a sum of money equal to the total amount of
proceeds obtained as a result of the offenses, including, but not limited to:

- $4,688 in United States currency seized on or about March 25, 2022, in Fargo,
  North Dakota;

- A Glock 19, 9mm handgun, Serial Number BRPA613, seized on or about March 25,
  2022, in Fargo, North Dakota; and

- 37 rounds of Ruger 9mm ammunition seized on or about March 25, 2022, in Fargo,
  North Dakota.

If any of the forfeitable property as a result of any act or omission of the
defendant(s):

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of said

defendant up to the value of the forfeitable property;

All in accordance with Title 21, United States Code, Section 853, Title 18, United

States Code, Sections 924(d)(1) and 982(a)(1), and Title 28, United States Code, Section

2461.

A TRUE BILL:


/s/ Foreperson
Foreperson


/s/ Jennifer Klemetsrud Puhl
JENNIFER KLEMETSRUD PUHL
United States Attorney

AJS/ld